Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **ERWIN CLARK**, *on behalf of himself and all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**ARSTRAT, LLC,**<br><br>Serve registered agent at:<br>Cogency Global Inc.<br>321 W. Winnie Lane #104<br>Carson City, Nevada 89703<br><br>*Defendant.* | Case No.:<br><br>Division:<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION PETITION

Plaintiff Erwin Clark ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class Action Petition against Defendant Arstrat, LLC ("Defendant"), and states:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from Defendant's improper placing of prerecorded debt collection calls to Plaintiff's cellular phone after Plaintiff requested that Defendant cease calling him. These calls violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the TCPA's corresponding regulations.

2. Defendant is a debt collector. Upon information and belief, as part of its aggressive debt collection operations, Defendant places prerecorded telephone calls to consumers, like Plaintiff, even after the consumers ask Defendant to stop calling.

3. Plaintiff received numerous prerecorded debt collection calls from Defendant. Plaintiff requested that the calls stop and explained the debt was invalid.

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

4. Defendant ignored Plaintiff's request and continued to place prerecorded calls to Plaintiff thereafter.

5. By continuing to place prerecorded debt collection calls to Plaintiff after he demanded that Defendant stop and advised the alleged debt was invalid, Defendant violated the TCPA.

6. Plaintiff seeks relief for himself and all others similarly situated for Defendant's unlawful behavior.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because his claims arise under the federal Fair Debt Collection Practices Act and Telephone Consumer Protection Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. The Court has personal jurisdiction over Defendant because Defendant targeted a Missouri resident and made illegal calls to a Missouri resident with a Missouri phone number.

9. Venue is proper in this Court because the acts that give rise to Plaintiff's claims – including but not limited to Defendant's placing prerecorded debt collection calls to Plaintiff – occurred within in St. Louis County, as Plaintiff received the offending calls in St. Louis County.

**PARTIES**

10. Plaintiff is, and at all times mentioned herein was and is, an adult individual who resides in St. Louis County, Missouri and who is a citizen of the State of Missouri.

11. Defendant is a Nevada limited liability company with its principal place of business located at 14141 SW Freeway, Suite 300, Sugar Land, Texas 77478.

12. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

13. Defendant's website states that Defendant is an "industry leading collection and bad debt resolution provider for the healthcare industry."

14. Defendant uses a variety of techniques to attempt to collect alleged debts, including, but not limited to, placing prerecorded voice calls to consumers.

## FACTUAL ALLEGATIONS

15. Plaintiff allegedly incurred a debt (the "Debt")

16. Plaintiff is, and has been, the sole and customary user of cellular telephone number (314) XXX-1244.

17. Within the last year, Defendant began placing prerecorded telephone calls to Plaintiff's cellular telephone, number (314)-XXX-1244, in an attempt to collect the Debt.

18. For example, Defendant placed calls to telephone number (314) XXX-1244 on at least the following dates and times from telephone number (866) 763-2906:

- December 9, 2024, at 9:11am;
- December 10, 2024 at 11:37am;
- December 11, 2024 at 9:16am;
- December 15, 2024 at 9:14am;
- December 16, 2024 at 9:15am;
- December 17, 2024 at 9:09am;
- December 20, 2024 at 9:07am;
- December 23, 2024 at 9:21am;
- December 26, 2024 at 9:29am;
- December 30, 2024 at 9:26am;
- December 31, 2024 at 9:07am;

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

- January 3, 2025 at 9:13am;
- January 6, 2025 at 9:28am;
- January 7, 2025 at 9:17am;
- January 10, 2025 at 9:11am;
- January 13, 2025 at 9:29am;
- January 16, 2025 at 9:34am;
- January 20, 2025 at 9:23am;
- January 28, 2025 at 9:13am;
- January 31, 2025 at 9:11am;
- February 3, 2025 at 9:41am;
- February 6, 2025 at 9:41am;
- February 10, 2025 at 11:49am;
- February 13, 2025 at 10:02am;
- February 17, 2025 at 9:41am;
- February 20, 2025 at 9:36am;
- February 24, 2025 at 9:42am;
- February 25, 2025 at 9:34am;
- February 26, 2025 at 9:09am;
- March 3, 2025 at 10:02am;
- March 6, 2025 at 9:50am;
- March 10, 2025 at 10:00am;
- March 13, 2025 at 9:47am;
- March 17, 2025 at 10:18am;

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

- March 20, 2025 at 9:54am;
- March 24, 2025 at 9:56am;
- March 27, 2025 at 10:37am;
- March 28, 2025 at 9:32am;
- April 1, 2025 at 10:15am.

19. When Plaintiff did not answer the phone, the following artificial or prerecorded voice message was left on his voicemail:

> Hello. This is Joy McDowell calling from ArStrat. Please contact me or any of our representatives at 866-763-2906. Again that number is 866-763-2906.

20. The message used a female an artificial/computerized voice.

21. Mr. Clark knew the message used an artificial/computerized voice because he is familiar with regular human discourse and the message he received included unnatural pauses.

22. On numerous occasions, Plaintiff spoke with Defendant and expressly requested that Defendant stop calling him, including as early as December 16, 2024.

23. Plaintiff also advised Defendant that the alleged medical debt it was attempting to collect was invalid.

24. However, notwithstanding Plaintiff's request for Defendant to stop calling him, Defendant continued to make prerecorded/artificial voice debt collection calls to Plaintiff's cellular telephone in its attempt to collect the alleged and disputed debt.

25. Defendant placed multiple calls to Plaintiff after Plaintiff requested that the calls stop.

26. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff.

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

27. Defendant placed the subject calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff for non-emergency purposes.

28. Defendant placed the subject calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff voluntarily.

29. Defendant placed the subject calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff under its own free will.

30. Defendant had knowledge that Defendant was using an artificial or prerecorded voice in connection with the calls Defendant placed to Plaintiff.

31. Plaintiff suffered actual harm as a result of Defendants' subject calls in connection with which they used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

32. Plaintiff found the artificial or prerecorded voice messages to be harassing, irritating and invasive.

33. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendant played or delivered.

34. Plaintiff also spent time and effort attempting to have the calls stop.

35. The prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted his battery.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls they place to telephone numbers assigned to a cellular telephone service, absent prior express consent and after consent has been revoked.

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

37. Plaintiff's time was wasted tending to Defendant's calls sent after he expressly asked Defendant to stop calling his cellular telephone

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a class action pursuant to Missouri Supreme Court Rule 52.08 or Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and the following class:

> **TCPA Class**: All persons and entities throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) after the called party instructed Defendant to stop placing calls to the telephone number (5) from four years prior to the date of this petition through the date of class certification.

39. Excluded from the class and subclass are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. The proposed class are so numerous that, upon information and good faith belief, joinder of all members is impracticable.

41. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

42. Given Defendant's status as a debt collector who attempts to collect tens of thousands if not hundreds of thousands of alleged debts, it stands to reason that the class and subclass will have thousands of members.

43. The proposed class is ascertainable because they are defined by reference to objective criteria.

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

44. In addition, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

45. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

46. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227(b).

47. Like all members of the proposed class, Defendant placed calls, in connection with which Defendant used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though he requested that the calls stop.

48. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

49. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

51. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

52. There will be little difficulty in the management of this action as a class action.

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

53. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

54. Among the issues of law and fact common to the class, include, but are not limited to:

a. Defendant's violations of the TCPA as alleged in this class action complaint;
b. Defendant's use of an artificial or prerecorded/artificial voice in connection with its calls;
c. Defendant's practice of delivering artificial or prerecorded voice messages to individuals that requested the calls stop;
d. Whether Defendant is liable for artificial and prerecorded voice messages Defendant delivered to persons who demanded the calls stop;
e. Whether Defendant placed the calls to Plaintiff and Class members' cellular telephones after being advised to 'stop said calls;
f. Whether Defendant should be enjoined from such conduct in the future; and
g. the availability of statutory damages, including trebling of said damages.

55. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the TCPA Class against Defendant**

56. Plaintiff repeats and re-alleges each and every factual allegation contained in the previous paragraphs as if fully stated on this Count.

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls Defendant placed to Plaintiff's cellular telephone number, for non-emergency purposes and without his consent.

58. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that Defendant willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

59. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action and designating Plaintiff as the class representative under Missouri Supreme Court Rule 52.08 and/or Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c. Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

d. Awarding Plaintiff and members of the class their reasonable costs, expenses, any available pre-judgment and post-judgment interest and attorneys' fees incurred in this action, including expert fees, pursuant to applicable rules; and

Electronically Filed - St Louis County - April 29, 2025 - 01:53 PM

e. Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Plaintiff demands a trial by jury.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: */s/ Christopher E. Roberts*
David T. Butsch #37539
Christopher E. Roberts #61895
7777 Bonhomme Avenue, Ste. 1300
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com